**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| DINAH LAFABER, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | Case No. 05-2003 |
| ) | |
| KANKAKEE COUNTY HOUSING ) | |
| AUTHORITY and ) | |
| DENISE RICHARDSON, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed her complaint herein on January 6, 2005. At that time, she was represented by Attorneys Aaron B. Maduff and Janice M. Pintar. On March 10, 2005, Attorneys Maduff and Pintar filed a Petition to Withdraw (#2). According to the petition, "Ms. LaFaber is a Plaintiff in another case alleging the same facts, Case No. 03 C 2121, currently on appeal to the United States Court of Appeals for the Seventh Circuit."[1] (Pet. #2, ¶ 1.)

Former counsel included the following statement in the petition, "Because the factual claims in both cases are identical, and because the legal theories for liability are identical in both cases, the issues are res judicata." (Pet. #2, ¶ 6.) "It is anticipated that this Court will dismiss this case as res judicata and Plaintiff will appeal it and move to consolidate it with her appeal in 03 C 2121." (*Id.* at n.1). The attorneys were subsequently granted leave to withdraw. No subsequent activity ensued and the Court entered an Order to Show Cause (#3) directing Plaintiff to appear on July 25, 2005, to show cause why the case should not be dismissed. Plaintiff did appear pursuant to that Order. However, she offered no reason why the case should not be dismissed. The complaint has been pending for over six months. No action has been taken by Plaintiff to pursue it. According to former counsel, the claims are likely barred. Plaintiff offered no plan for how she intended to pursue the case nor did she express any intent to pursue it.

---

[1] That appeal was subsequently dismissed as premature.

Accordingly, pursuant to my authority under 28 U.S.C. § 636(b)(1)(B), I recommend that Plaintiff's complaint be dismissed for want of prosecution and the case terminated.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 18th day of August, 2005.

                                                       s/ DAVID G. BERNTHAL
                                                      U.S. MAGISTRATE JUDGE